IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

AVERY DOSS,

      Plaintiff,

vs.                                 No. 08-2054-B/V

CARGILL, INC., et al.,

      Defendants.

---

ORDER OF PARTIAL DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

On January 14, 2008, Plaintiff, Avery Doss, and eight other individuals filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. (Docket Entry ("D.E.") 1), which was filed as case number 08-2015-B/V (W.D. Tenn.). The Court issued an order on January 29, 2008 that, inter alia, severed the actions and directed the Clerk to open a new civil action for each plaintiff. (D.E. 2 at 2.) The Court also directed eight plaintiffs, including Doss, "to immediately pay the $350 filing fee or file an application to proceed in forma pauperis in their individual cases upon receipt of their new docket numbers." (Id. at 3.) Doss filed a motion for leave to proceed in forma pauperis on February 14, 2008 (D.E. 3), and the Court issued an order on February 15, 2008 denying leave to proceed in forma pauperis and directing Plaintiff to pay the civil filing fee (D.E. 4). Plaintiff

paid the filing fee on March 11, 2008. (D.E. 5.) The Clerk shall record the defendants as Cargill, Inc., Martin Crowder, Tim Campbell, Joe Sparks, and Amanda Jordan.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Therefore, the Court DISMISSES the complaint with respect to Defendants Crowder, Campbell, Sparks, and Jordan, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(2), for lack of subject-matter jurisdiction.

Doss has filed a motion seeking appointment of counsel. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel." In this case, however, Plaintiff is not indigent and, therefore, he

is not eligible for appointed counsel. The motion for appointment of counsel is DENIED.

Within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff one (1) blank, unsigned summons for service on Defendant. Pursuant to Fed. R. Civ. P. 4(b), he is responsible for properly filling out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to Plaintiff for service on Defendant.

Doss is also responsible for ensuring that service is effected on Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure.[1] The service on Defendant shall include a copy of this order and of the administrative charge of discrimination and right to sue letter, which are attached to the in forma pauperis affidavit. (D.E. 3 at 5-6.) Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendant or on Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 21st day of April, 2008.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE